# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| TED BLANKENSHIP § | |
| § | |
| V. § | Case No. 4:05cv136 |
| § | (Judge Brown/Judge Bush) |
| Commissioner of Social § | |
| Security Administration § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits. After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be affirmed.

## HISTORY OF THE CASE

Plaintiff filed for Disability Insurance Benefits on July 5, 1999, claiming inability to work due to osteoarthritis in the back and knees, fibromyalgia, and chronic obstructive pulmonary disease. The application was denied initially and upon reconsideration. Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on January 10, 2001. On September 23, 2002, the Appeals Council remanded the matter for further administrative consideration. On April 15, 2003, a supplemental administrative hearing was held at which Plaintiff appeared, with counsel, and testified. The ALJ issued an unfavorable decision on January 23, 2004.

Plaintiff subsequently requested that the Appeals Council conduct a review. The Appeals Council found that no basis existed for review of the ALJ's decision and denied Plaintiff's request. Therefore, the ALJ's determination became the final decision of the Commissioner. Plaintiff now

seeks judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through [January 23, 2004].

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements of the Regulations 20 CFR § 404.1520(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The [ALJ] finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The [ALJ] has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR § 404.1527).

7. The claimant has the residual functional capacity to sit up to six hours and stand up to six hours in an eight-hour day, and to lift ten pounds frequently and twenty pounds occasionally. He can occasionally use his dominant upper extremity.

8. The claimant is unable to perform any of his past relevant work (20 CFR § 404.1565).

9. The claimant is a "younger individual" (20 CFR § 404.1563).

10. The claimant has a "high school equivalent education" (20 CFR § 404.1564).

11. The claimant's skills from past relevant work are not transferable to occupations within his residual functional capacity (20 CFR § 404.1568).

    12.    The claimant has the residual functional capacity to perform a significant range of light work (20 CFR v 416.967).

    13.    Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.21 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs include work as an office clerk, D.O.T. code 239-567-010 (10,000 positions in Texas and 148,000 nationally), a ticket taker, D.O.T. code 211.467.030 (8,000 positions in Texas and 10,000 nationally).

    14.    The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. § 404.1520(f)).

(TR 33-34)

## STANDARD OF REVIEW

In an appeal under § 405(g), this Court must review the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's factual findings, *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1983), and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Smith v. Schweiker*, 646 F.2d 1075 (5th Cir. 1981); *see* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). This Court cannot reweigh the evidence or substitute its judgment for that of the Commissioner, *Chaney v. Califano*, 588 F.2d 958, 959, (5th Cir. 1979), and conflicts in the evidence are resolved by the Commissioner. *Carry v. Heckler*, 750 F.2d 479, 484 (5th Cir. 1985).

To establish disability, Plaintiff must demonstrate a medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. Plaintiff must also show that the impairment precludes performance of the work previously done, or any other kind of substantial gainful employment that exists in the national economy. 42

U.S.C. § 1382(a)(3).

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who at the time of his disability claim is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987). Finally, a claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a). The Court has reviewed the entire two-volume record and finds no basis for reversal.

## ANALYSIS

The ALJ based his finding that Plaintiff retained the ability to perform light level work on all the relevant evidence, including observations of Plaintiff's treating physician, Plaintiff's own description of his activities and limitations, and the combination of all of Plaintiff's impairments. The ALJ determined that Plaintiff retained the RFC to perform light work with the restriction that he can occasionally use his dominate upper extremity. The ALJ is responsible for determining a claimant's RFC. *See* 20 C.F.R. § 404.1546. In this case, the ALJ's RFC assessment is consistent

with the credible medical evidence of record and is supported by substantial evidence.

Plaintiff complained that the ALJ did not give sufficient weight to the opinions of Plaintiff's treating physician, Ray J. Mailloux, M.D. The ALJ explained that the doctor opined that Plaintiff's functional limitations included reduced range of motion, muscle spasm, positive straight leg raising, sensory loss due to back problems, and muscle atrophy as a result of ulnar neuropathy. The doctor further opined that, due to symptoms of Raynaud's Phenomenon, chronic pain syndrome, sleep disorder, and depression, Plaintiff was unable to complete daily activities, he needed unrestricted bed rest, and he was unable to perform work activities. Although Dr. Mailloux's opinions must be considered, the ALJ is not required to accept them verbatim if there is good cause to discount the doctor's conclusions. *Shave v. Apfel*, 238 F.3d 592, 595 (5th Cir. 2001).

The ALJ considered the medical reports from Allen Salem, M.D., of the Wilson Jones Medial Center. In July 2001, Plaintiff underwent a followup sleep study, and the doctor reported that Plaintiff's apnea and hypopnea were "effectively eliminated," his sleep efficiency increased to 93 percent, and he did not have any leg movement. At the administrative hearing, Plaintiff testified that his sleep apnea had been resolved with his use of the CPAP. A medical condition that can be remedied by surgery or medication is not disabling. *Taylor v. Bowen,* 782 F.2d 1294, 1298 (5th Cir. 1986); 20 C.F.R. § 404.1530(b).

Plaintiff complained of shortness of breath. In August 2001, Plaintiff was diagnosed with mild but reverseable obstructive disorder. Dr. Salem administered a pulmonary function test to measure Plaintiff's airway capacity. The doctor reported that, due to Plaintiff's use of tobacco, he wheezed throughout the examination, and he prescribed the medications Combivent and Flovent. In October 2001, a followup pulmonary function examination was conducted which showed that Plaintiff's lungs were negative for obstruction, and his lung mechanics, volume, and airway

resistance were normal. In June 2002, a second followup pulmonary function examination was conducted which, again, showed that Plaintiff's breathing function was normal. Plaintiff's medical history shows that numerous physicians advised Plaintiff to stop smoking cigarettes, but as of the date of the administrative hearing he was still abusing tobacco. Where treatment would remedy an impairment and a claimant fails to follow prescribed treatment without a good reason, the claimant will not be found disabled. *Johnson v. Sullivan*, 894 F.2d 683, 685 n.4 (5th Cir. 1990).

With respect to Dr. Mailloux's opinion that Plaintiff was "100% permanently medically disabled," the doctor was very clear that his opinion was based on the standard of disability as set forth in the Proctor and Gamble Disability Plan. The Fifth Circuit has held that disability findings by any governmental or nongovernmental agency are not binding on the Commissioner because the disability criteria used in various plans vary, and are not necessarily the same as used by the SSA. *Johnson v. Sullivan*, 894 F.2d 683, 686 (5th Cir. 1990); *Harrell v. Bowen*, 862 F.2d 471, 481 (5th Cir. 1988). The doctor opined that Plaintiff was able to lift and carry an amount of weight equal to a light RFC, which fully supports the ALJ's RFC determination.

In November 1997, Plaintiff visited Alan L. Brodsky, M.D. for a rheumatological evaluation. Plaintiff complained of having general joint pain for the last five years. The doctor observed, by history, Plaintiff had a history of alcohol abuse in remission; he smoked two packs of cigarettes per day; he had as many as six arthroscopic procedures on his knees due to high school football injuries; he had a total right knee replacement in 1996; his left knee was painful when exposed to cold; and he slept about two hours a night.

Dr. Brodsky reported that Plaintiff was well developed and in no acute distress; his lungs were clear; neurologically, he was fully intact; and he had no photosensitivity, or Raynaud's disease. An x-ray examination of his left knee revealed mild to moderate narrowing of the joint space, but

only minimal spur formation. Dr. Brodsky diagnosed Plaintiff with polyarthritis of several years duration, tender spots, and probable fibromyalgia with sleep disturbance.

In 2002, the doctor observed that Plaintiff's medication regimen was not effective and he continued to have symptoms of pain associated with fibromyalgia, and prescribed a series of physical therapy sessions including water exercises (T.R. 553-554).

Plaintiff further asserted, in his brief, that the ALJ failed to consider his nonexertional limitations allegedly as a result his hand and arm limitations. In fact, the ALJ considered the treatment history of Plaintiff's right wrist and arm, which included the diagnoses of ulnar neuropathy, and a Cubital/Guyon Tunnel release in February 1997. The ALJ specifically determined that Plaintiff's RFC was restricted to "occasional use [of] his dominate upper extremity."

The ALJ evaluated Plaintiff's testimony and the medical findings which addressed the symptoms associated with the localized pain in Plaintiff's upper right extremity. Furthermore, the ALJ incorporated all credible restrictions due to symptoms of Plaintiff's severe impairments in the hypothetical questions he asked the vocational expert ("VE") at the administrative hearing. Any suggestion that the ALJ did not fully consider the non-exertional limitations of Plaintiff's arm and hand impairment, or any of his other severe impairments, is not supported by the record of evidence.

Plaintiff claims that the ALJ's hypothetical was erroneous and that the VE's testimony and ultimate conclusion is not, therefore, supported by substantial evidence. The Court finds that the hypothetical "reasonably incorporated" the claimant's characteristics, and any error was waived by Plaintiff's failure to cross examine the VE on the meaning of "occasionally" versus "4 hours." In fact, the VE did testify that one of the jobs previously identified would have to be excluded if the claimant had to use his arms 4 hours a day. The ALJ's question was not a model of clarity, but any error was waived. *See Morris v. Bowen*, 864 F.2d 333, 335-36 (5th Cir. 1988).

The final responsibility for the determination of an individual's RFC, whether an individual's RFC prevents him from doing past relevant work, and the ultimate question of whether an individual is "disabled" under the Act is an issue reserved to the Commissioner pursuant to SSR 96-5p and 20 C.F.R. § 404.1527(e). *Tamez v. Sullivan*, 888 F.2d 334, 336 n.1 (5th Cir. 1989). The ALJ's RFC assessment is consistent with the evidence of record and constitutes an appropriate resolution of any conflicts in the evidence. *Richardson*, 402 U.S. at 399; *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987).

Contrary to Plaintiff's assertions, the ALJ correctly determined that Plaintiff did not have a severe mental impairment. A disability determination involves a five-step inquiry. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The Plaintiff bears the initial burden of proof at steps 1 through 4, proving that a disability, as defined by the Act, prevented him from performing his past relevant work activity. *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994). After the Plaintiff establishes that he has such an impairment, the burden shifts at step five to the Commissioner to show that the Plaintiff retains the ability to perform other work activity and that jobs corresponding to the Plaintiff's abilities exist in the national economy. *Perez v. Heckler,* 777 F.2d 298, 300-301 (5th Cir. 1985). In this case, the ALJ determined under the *Stone* standard, at step two, that Plaintiff's alleged depression did not constitute a severe impairment (Tr. 28, 30). *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).

Plaintiff is entitled to benefits only if he is disabled by a severe impairment. *See* 20 C.F.R. § 404.1520(c). An impairment is considered to be severe if it significantly limits Plaintiff's physical or mental ability to do work activities. *Id.* Examples of work related activities include physical functions such as walking, standing, lifting, pushing, pulling, reaching, carrying, or handling; the capabilities of seeing, hearing, and speaking; the ability to understand, remember and carry out

simple job instructions; use of judgement; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *See* 20 C.F.R. § 404.1521(b). While step two requires only minimal proof of impairment, Plaintiff must show that the alleged impairment or combination of impairments had more than minimal effect on Plaintiff's ability to work. *See* 20 C.F.R. § 404.1523. Further, in a step two case, vocational factors such as age, education, and work experience are not considered. *See* 20 C.F.R. § 404.1520(c). At step two, an impairment is not severe if the impairment in question is a "slight abnormality" having such minimal effect as would not be expected to interfere with the ability to work. *Stone*, 752 F.2d at 1101.

The ALJ assessed the results of a psychological evaluation conducted by Dr. Venable. The ALJ did not accept the doctor's opinion that Plaintiff was disabled due to a mental impairment. Whether an impairment is disabling is an issue for the ALJ, who has the primary responsibility for resolving conflicts in the evidence. *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). Here, the ALJ found that, in contrast to Plaintiff's mental disability, there is no indication in the record that he had been referred to a mental health provider or that he had sought treatment for his alleged depression. Plaintiff's subjective complaints must be corroborated, at least in part, by objective evidence. *Wren v. Sullivan*, 925 F.2d 123, 129 (5th Cir. 1991).

The ALJ considered the opinions of A. Boulos, M.D., and Farrell A. Hillman, M.D., the state agency medical consultants who provided mental RFC assessments. These doctors determined that Plaintiff retained the ability to understand and follow simple instructions, to adequately interact with coworkers and supervisors, and to adapt to routine working environments. Further, the doctors opined that the medical record showed that Plaintiff was moderately restricted in activities of daily living, mildly restricted in social functioning, moderately restricted in concentration, persistence and

pace, and had no recorded episodes of decompensation. The ALJ noted the evidence of record, resolved the conflicts of medical opinions, and determined that Plaintiff had no significant limitations due to his alleged mental impairment.

Because the ALJ determined that Plaintiff could not return to his past relevant work, the ALJ proceeded to step five in the sequential evaluation process, where the burden shifts to the Commissioner to show that there is other work that Plaintiff can perform. *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987). The Commissioner may meet this burden by relying on the grids contained in Appendix 2 of the regulations (20 C.F.R. Pt. 404, Subpt. P, App. 2) or by obtaining the testimony of a VE that there is work available which the Plaintiff may perform. *Id.* at 1304. In this case, the ALJ found there was a non-exertional impairment to consider, and he relied on VE testimony to determine if there were a significant number of other jobs in the national economy which Plaintiff could perform. *Id.* at 1303-1304.

The ALJ asked Rebecca Hayes, VE, a hypothetical question about a hypothetical individual of Plaintiff's age, education, past relevant work experience, and RFC. Ms. Hayes testified that such a hypothetical individual could perform jobs such as a office clerk, with 10,000 jobs in Texas, and 148,000 jobs nationally; and as a ticket taker, with 8,000 jobs in Texas, and 100,000 jobs nationally. Because the hypothetical question constructed by the ALJ reasonably incorporated the restrictions and impairments recognized by him, and because Plaintiff received the opportunity for cross-examination, the ALJ properly relied upon that testimony to deny Plaintiff's claim for disability benefits under the Act. *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994).

When constructing a hypothetical question, the ALJ is required to give the VE limitations that reflect Plaintiff's true physical or mental condition. *Masterson v. Barnhart*, 309 F.3d 267, 273 (5th Cir. 2002). A hypothetical question which contains assumptions supported by the record can

provide a correct basis for a determination that no disability exists. *Id.* Even so, a hypothetical question is sufficient if it contains the impairments that the ALJ accepted as true. *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988). The ALJ considered the evidence as a whole and constructed a hypothetical question that is supported by substantial evidence. The jobs cited by the VE were based on a hypothetical question that substantially reflected Plaintiff's true physical condition. Therefore, the ALJ's decision that Plaintiff retained the capacity to perform light work and was not disabled under the Act should be affirmed.

## RECOMMENDATION

Pursuant to the foregoing, it is RECOMMENDED that the decision of the Administrative Law Judge should be AFFIRMED.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) *en banc*.

**SIGNED this 22nd day of June, 2006.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE